83 F.3d 433
 131 Lab.Cas. P 58,113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Helen STERLING, Plaintiff-Appellant,
v.
STONE & WEBSTER ENGINEERING CORPORATION, a Massachusetts
corporation, doing business in Colorado, Defendant-Appellee.
 No. 95-1188.
 United States Court of Appeals, Tenth Circuit.
 April 23, 1996.
 
 ORDER AND JUDGMENT[1]
 Before KELLY and BARRETT, Circuit Judges, and BROWN,** Senior District Judge.
 BROWN, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the district court's entry of judgment in favor of defendant on plaintiff's federal claim for age discrimination and her state claim for intentional infliction of emotional distress. We exercise jurisdiction pursuant to 28 U.S.C. 1291.
 
 
 3
 The district court granted summary judgment to defendant on plaintiff's state tort claim after determining, under Colorado law, that reasonable people could not differ as to whether defendant's conduct was sufficiently extreme and outrageous as to give rise to liability. See, e.g., Churchey v. Adolph Coors Co., 759 P.2d 1336, 1350 (Colo.1988)(en banc). Later, the district court granted summary judgment on plaintiff's age discrimination claim after concluding that the evidence, when viewed in the light most favorable to plaintiff, did not demonstrate a constructive discharge. This conclusion was based on the district court's determination that the evidence would not "support a jury verdict that she was suffering from such intolerable conditions that her decision not to return to work was a reasonable one and based upon a hostile work environment due to her age." Appellant's App. at 336. See, e.g., Bolden v. PRC, Inc., 43 F.3d 545, 551, 552 (10th Cir.1994)(holding that plaintiff failed to establish hostile work environment and that this failure affected claim of constructive discharge, because no showing was made that plaintiff's resignation resulted from illegal discriminatory conduct), cert. denied, 116 S.Ct. 92 (1995).
 
 
 4
 We review the district court's grant of summary judgment de novo, applying the same standards as the district court under Fed.R.Civ.P. 56(c). Wolf v. Prudential Ins. Co. of Am., 50 F.3d 793, 796 (10th Cir.1995). Pursuant to Rule 56(c), summary judgment shall enter when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Once the moving party meets its initial burden of "showing the absence of a genuine issue of material fact," the nonmoving party "must set forth specific facts showing a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Wolf, 50 F.3d at 796. "To avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." Vitkus v. Beatrice Co., 11 F.3d 1535, 1539 (10th Cir.1993).
 
 
 5
 Based upon our review of the record, the parties' briefs, and the pertinent law, we AFFIRM the judgment of the district court for substantially the reasons set forth in its orders of March 24, 1994, and April 11, 1995, concerning plaintiff's state tort and federal age discrimination claims, respectively.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation